# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5301-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.B.,

     Defendant-Appellant.

_____

     Submitted September 23, 2020 – Decided August 24, 2021

     Before Judges Fuentes and Whipple.

     On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-06-1250.

     Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

     Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition.  We affirm.

On June 13, 2013, a Hudson County Grand Jury returned an indictment charging defendant with first degree aggravated sexual assault, N.J.S.A 2C:14-2(a) (count one); second degree sexual assault, N.J.S.A 2C:14-2(b) (count two); second degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts three and eight); fourth degree child abuse, N.J.S.A 2C:9:6-l and N.J.S.A. 2C:9:6-3 (counts four, six and nine); first degree endangering the welfare of a child, N.J.S.A 2C:24-4(a) (count five); and third degree distribution of opiates and benzodiazepines, Schedule II narcotic drugs, in a quantity of less than one ounce, N.J.S.A. 2C:35-5(a)(l) and 2C:35-5(b)(5) (count seven).[1]

The victim of these crimes was the minor daughter of defendant's paramour, identified here as B.A.[2]  Defendant was tried before a jury from May

---

[1]  Without objection from defense counsel, the State amended the indictment before the start of trial as follows: Count Two alleges defendant sexually abused B.A. from May 2010 through May 2012; Count five alleges defendant committed first degree Endangering the Welfare of a Child, as defined in N.J.S.A 2C:24-4(b)(3); and Count Seven charges defendant with third degree distribution of opiates.  Before the start of opening statements, the State dismissed Counts Four, Six and Nine of the indictment which charged defendant with fourth degree child abuse.

[2]  We identify the minor victim by her initials to protect her privacy and the confidentiality of these proceedings.  N.J.S.A. 2A:82-46; R. 1:38-3(c)(9).

A-5301-18

19 to May 21, 2015. The jury found defendant guilty of all charges, including first degree aggravated sexual assault, second degree sexual assault, and first and second degree endangering the welfare of a child.

On August 27, 2015, the court sentenced defendant to an aggregate term of forty-five years, thirty years of which were subject to the eighty-five percent parole ineligibility, and periods of parole supervision of five years for a first degree crime, and three years for a second degree crime, as mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed his conviction and sentence to this court. On January 10, 2018, this court affirmed in part and reversed in part defendant's conviction and sentence. Specifically, we vacated defendant's conviction for first degree endangering the welfare of a child to reflect a conviction for a second degree offense, and ordered that defendant be resentenced accordingly. State v. R.B., A-0736-15 (App. Div. Jan. 10, 2018), certif. denied, 233 N.J. 473 (2018), slip op. at 23-24. We incorporate by reference the facts described at length by our colleagues in the unpublished opinion that affirmed defendant's conviction. Id., slip op. at 3-7.

On July 12, 2018, defendant filed this pro se PCR petition alleging ineffective assistance of counsel. The court assigned counsel to represent defendant in the prosecution of this petition. In a certification dated February

3

19, 2019, prepared by PCR counsel, defendant alleged that he was assigned four different attorneys to represent him during the time it took to bring the case to trial. The attorney who actually tried the case was assigned approximately one and a half months before the start of trial. According to defendant, this "did not give him enough time to properly work on my case and my defense."

Defendant also claimed he "only received about one half of the available discovery from my attorney to review during the pretrial process and during my trial." He argues that his trial attorney did not properly cross-examine witnesses and failed to object to the introduction of improper evidence. The State argued that defendant's certification was self-serving, unsupported by competent evidence, and lacked any corroboration.

The PCR judge found defendant did not make out a prima facie case of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). The PCR judge concluded that defendant's argument concerning the failure to present alleged exculpatory evidence at trial was procedurally barred under Rule 3:22-4 because this issue could have been raised on direct appeal. Furthermore,

defendant's claim that such evidence exits is a self-serving assertion without any corroboration.

Against this record, defendant raises the following argument on appeal:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVE INVESTIGATION BY NOT PURSUING A DNA EXPERT.

After reviewing the record and considering the standard established by the Supreme Court in State v. Preciose, 129 N.J. 451, 462-63 (1992) and codified under Rule 3:22-10, the PCR judge found defendant did not make out a prima facie case of ineffective assistance of counsel and denied his application for an evidentiary hearing. We find no legal or factual basis to conclude the PCR judge abused his discretionary authority in reaching this conclusion. Defendant's argument does not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5